Centra, J., and Lindley, J.,
(dissenting). We respectfully dissent inasmuch as we agree with defendant that County Court erred in directing that the sentences on the two counts of burglary in the first degree (Penal Law § 140.30 [2], [3]), which run concurrently with each other, shall run consecutively to the sentence imposed on the count of intentional murder in the second degree (§ 125.25 [1]). In our view, the consecutive sentences are illegal under the facts of this case.
Pursuant to the two prongs set forth in Penal Law § 70.25 (2), the court is required to impose concurrent sentences where a single act constitutes two different offenses, or a single act constitutes both one of the offenses charged and a material element of the other (see People v Parks, 95 NY2d 811, 814-815 [2000]; People v Laureano, 87 NY2d 640, 643 [1996]). Where separate acts are committed in the course of a criminal transaction, or where one act does not constitute a material element of a charged crime, the court may, in its discretion, impose consecutive sentences (see People v Bryant, 92 NY2d 216, 230-231 [1998]; People v Brown, 80 NY2d 361, 363-364 [1992]). Whether a court has the discretion to impose consecutive sentences thus depends on an analysis of the statutory definition of the actus reus for each offense (see Laureano, 87 NY2d at 643; People v Day, 73 NY2d 208, 211 [1989]).
Here, the People failed to meet their burden of establishing that the burglary and murder offenses were committed by separate and distinct acts (see Laureano, 87 NY2d at 643; see generally People v Rosas, 8 NY3d 493, 496 [2007]). Defendant was convicted of murdering the victim by stabbing her repeatedly with a knife (see Penal Law § 125.25 [1]), and was convicted of burglarizing the victim’s residence by entering her dwelling with the intent to commit a crime therein and causing physical injury to her (§ 140.30 [2]) and using or threatening the immediate use of a knife (§ 140.30 [3]). Contrary to the People’s contention, the burglary was not complete as soon as defendant entered the victim’s dwelling. This would be true if defendant had been charged and convicted of burglary in the second degree (see § 140.25 [2]; People v Frazier, 16 NY3d 36, 41 [2010]). Defendant, however, was charged and convicted of two counts of burglary in the first degree, which required the People to establish that, in addition to entering and remaining unlawfully in a dwelling with the intent to commit a crime therein, *1292 defendant caused physical injury to the victim and used or threatened the immediate use of a dangerous instrument (Penal Law § 140.30 [2], [3]).
To show that the burglary and murder offenses were committed through separate and distinct acts, the People must point to “identifiable facts” in the record (People v Ramirez, 89 NY2d 444, 451 [1996]; see Laureano, 87 NY2d at 644). At trial, a recorded phone call from defendant while he was in jail to his mother was played to the court, in which defendant stated that he went inside the victim’s residence, dragged her down the stairs and murdered her. A police officer testified at trial that he found the victim with multiple stab wounds in the downstairs of the residence. There were signs of a struggle in the master bedroom upstairs, and the victim had defensive wounds. There was blood “all over the place” downstairs, and there was also some blood on the wall outside the master bedroom, on the landing, on the wall next to the staircase, and on the stairs. The parties stipulated that the forensic analysis showed that it was the victim’s blood on the wall upstairs and on the staircase. The Medical Examiner testified that the victim sustained 38 knife wounds. He did not specify which of the wounds sustained by the victim was fatal, but rather testified that she died as a result of multiple stab wounds to the neck, chest, and back.
The majority concludes that the burglary was completed while the victim was still upstairs, and that she was not murdered until after she was dragged downstairs, and thus that the burglary and murder offenses were committed through separate acts. In our view, we cannot determine that the burglary and murder offenses were separate and distinct because it is possible that the act of causing physical injury to the victim and using the knife was also the act that caused her death. Considering the fact that the victim’s blood was found upstairs and on the staircase, it is apparent that defendant stabbed the victim at least once while they were upstairs, which would complete the burglary offenses. Unlike the majority, however, we conclude that the murder offense may also have occurred through that same act. In other words, the wound or wounds that the victim sustained while upstairs may have ultimately caused her death. Where, as here, the People failed to meet their burden, concurrent sentences are required (see People v Amato, 1 AD3d 713, 716-717 [2003], lv denied 1 NY3d 594 [2004]). We would therefore modify the resentence by directing that the sentences imposed for the counts of burglary in the first degree shall run concurrently with the sentence imposed for intentional murder in the second degree.
*1293 Present — Scudder, P.J., Centra, Lindley, Sconiers and DeJoseph, JJ.